UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

JOSE LUIS SIERRA-NARANJO,
                                    Defendant.

78-CR-046 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

On July 26, 2018, Defendant Jose Luis Sierra-Naranjo ("Naranjo") filed a *pro se* petition under Federal Rule of Civil Procedure 60(b)(4) and the All Writs Act, 28 U.S.C. § 1651. (Dkt. No. 6.) The petition challenges his 1979 convictions for distribution of and possession with the intent to distribute a controlled substance in violation of 18 U.S.C. § 841(a)(1), and failure to appear before the court as required in violation of 18 U.S.C. § 3146 (at the time codified at 18 U.S.C. § 3150). (Dkt. No. 4.)[1] The Government filed an opposition to the petition on October 22, 2018. (Dkt. No. 11.) For the reasons that follow, Defendant's petition is denied.

I.  **Motion for Relief under Rule 60(b)**

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for a number of reasons, including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," and "fraud." Fed. R. Civ. P. 60(b). Naranjo seeks relief from judgment here on the basis that the judgment of his conviction was "void, ab initio" under Rule 60(b)(4). (Dkt. No. 6 at 1.)

---

[1] Naranjo was sentenced to a total of five years of imprisonment and three years of special parole as a result of these convictions (Dkt. No. 4 at 3), and he has finished serving this sentence (Dkt. No. 11 at 3).

1

However, "Rule 60(b) cannot afford [a defendant] relief from his judgment of conviction in a criminal case." *Negron v. United States*, 164 F. App'x 158, 159 (2d Cir. 2006); *Grullon v. United States*, No. 99 Civ. 1877, 2004 WL 1900340, at *4 (S.D.N.Y. Aug. 24, 2004). Rule 60(b) may be employed in relation to a criminal conviction only where there was been a habeas proceeding under 28 U.S.C. § 2255, and then only if used to "attack[] the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). In this case, Naranjo has not filed a previous § 2255 petition (Dkt. No. 11 at 5), and is in fact trying to challenge his underlying convictions. Therefore, to the extent his petition is premised on Rule 60(b), it is procedurally improper and must be dismissed. *Negron*, 164 F. App'x at 159; *Grullon*, 2004 WL 1900340, at *4.

## II.     Petition under the All Writs Act

Nor is Naranjo entitled to relief under the All Writs Act, 28 U.S.C. § 1651. Naranjo's petition seeks a writ of error coram nobis,[2] which federal courts can grant under § 1651(a) to "petitioners who are no longer in custody pursuant to a criminal conviction." *Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir. 1998) (per curiam). Through a writ of error coram nobis, such petitioners can ask courts to "correct fundamental errors in a prior final judgment" of conviction. *United States v. Hernandez*, 283 F. Supp. 3d 144, 149 (S.D.N.Y. 2018) (quoting *Moskowitz v. United States*, 64 F. Supp. 3d 574, 577 (S.D.N.Y. 2014)). "[A] successful petition for *coram nobis* relief 'must demonstrate that 1) there are circumstances compelling such action

---

[2] Though Naranjo does not specify which writ he is pursuing under § 1651(a), the Government is correct that his petition is properly characterized as a request for a writ of error coram nobis, rather than a writ of audita querela. (Dkt. No. 6 at n.3) *See United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995) ("Coram nobis is available to redress an adverse consequence resulting from an illegally imposed criminal conviction or sentence. Audita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." (citations omitted)).

2

to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" *Hernandez*, 283 F. Supp. 3d at 149 (quoting *Fleming*, 146 F.3d at 90).

Importantly, however, "a petitioner cannot proceed under § 1651 when he 'could have sought earlier relief through another mechanism such as a direct appeal or Section 2255.'" *United States v. Holmes*, 942 F. Supp. 2d 412, 416 (S.D.N.Y. 2013) (quoting *Eisa v. Immigration & Customs Enf't*, No. 08 Civ. 6204, 2008 WL 4223618, at *5 (S.D.N.Y. Sept. 11, 2008)). "A petition for a writ of *coram nobis* may be 'time barred if the petitioner cannot provide a justified reason for failure to seek appropriate relief at an earlier date.'" *Hernandez*, 283 F. Supp. 3d at 153 (S.D.N.Y. 2018) (quoting *Cruz v. New York*, No. 03 Civ. 9815, 2004 WL 1516787, at *4 (S.D.N.Y. July 6, 2004)). "[I]f petitioner does not proffer a sound reason for delay, 'courts have held that such petition should be dismissed if its filing has been delayed for more than several years.'" *Rodriguez v. United States*, No. 98 Crim. 00764, 2012 WL 6082477, at *9 (S.D.N.Y. Dec. 4, 2012) (quoting *Cruz*, 2004 WL 1516787, at *4) (brackets omitted).

Here, the grounds on which Naranjo seeks to challenge his convictions—such as alleged conflicts of interest on the part of the judge and defects in the grand jury (Dkt. No. 6 at 2, 43–44)—are those that a defendant could reasonably be expected to raise on direct appeal or in a habeas petition. But the Government represents that Naranjo never sought to challenge his underlying convictions here through a direct appeal or under § 2255. (Dkt. No. 11 at 7.) And Naranjo offers no reason why he could not have sought relief earlier through those channels. Rather, his "petition fails even vaguely to suggest [this] essential element of a claim for relief" and the Court "is not required to overlook the deficiency." *Fleming*, 146 F.3d at 90.

3

Therefore, because Naranjo does not demonstrate "sound reasons . . . for failure to seek appropriate earlier relief," *Hernandez*, 283 F. Supp. 3d at 149, his request for coram nobis relief under § 1651(a) is denied.

## III. Conclusion

For the foregoing reasons, Defendant's request to vacate his convictions is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 6.

SO ORDERED.

Dated: November 30, 2018
       New York, New York

_____
                J. PAUL OETKEN
         United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*