UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-                                                               78-CR-046 (JPO)

JOSE LUIS SIERRA-NARANJO,                                OPINION AND ORDER
                                    Defendant.

J. PAUL OETKEN, District Judge:

On July 26, 2018, Defendant Jose Luis Sierra-Naranjo filed a *pro se* petition (Dkt. No. 6) challenging his 1979 convictions for distribution and possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), and failure to appear before the court as required in violation of 18 U.S.C. § 3146 (at the time codified at 18 U.S.C. § 3150) (Dkt. No. 4).  The Court denied that petition on November 30, 2018.  (Dkt. No. 12.)

Defendant subsequently filed a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e), asking the Court to reconsider its decision.  (Dkt. No. 13.)  The Government filed an opposition to the motion.  (Dkt. No. 14.)  For the reasons that follow, the motion is denied.

I.        Timeliness

The Government first argues that the Court should reject Defendant's motion as time-barred.  (Dkt. No. 14 at 2–3.)  Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Sierra-Naranjo's motion is untimely, according to the Government, because it was filed on January 2, 2019, thirty-three days after the judgment at issue: the Court's November 30, 2018 Opinion and Order.  (Dkt. No. 14 at 3.)

1

The Court disagrees, however, with the Government's characterization of the filing date of the motion. "The prison mailbox rule provides that a *pro se* prisoner's [document submitted to the Court] is deemed filed at the moment he gives it to prison officials." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006). And "in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." *Id.*

The docket in this case states that Defendant's motion to amend was filed on January 2, 2019. But the motion itself is dated December 27, 2018, and there is no contrary evidence from which the Court could conclude that the document was actually given to prison officials for mailing after that date. (Dkt. No. 13 at 3–4.) Therefore, treating the filing date as December 27, 2018, the Court concludes that the motion was filed in a timely manner.

## II.    Merits of Reconsideration

Second, the Government argues that Defendant's motion fails to satisfy the high bar for relief under Rule 59(e). (Dkt. No. 14 at 3–4.) The Court agrees.

"A party seeking relief under Rule 59(e) must show that the court 'overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" *Ong v. Chipotle Mexican Grill, Inc.*, 329 F.R.D. 43, 50 (S.D.N.Y. 2018) (ellipsis in original) (brackets omitted) (quoting *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 261, 262 (S.D.N.Y. 2005)), *appeal filed*, No. 18 Civ. 3807 (2d Cir. Dec. 20, 2018). A court may also grant a Rule 59(e) motion "based on an intervening change in law, newly discovered evidence, or 'to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d at 262).

2

However, "[a] court should deny such motion 'where the moving party is solely attempting to relitigate an issue that already has been decided.'" *Id.* (quoting *In re CRM Holdings, Ltd. Sec. Litig.*, No. 10 Civ. 975, 2013 WL 787970, at *3 (S.D.N.Y. Mar. 4, 2013)). And relief under Rule 59(e) must be treated as "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Id.* (quoting *Universal Trading & Inv. Co. v. Tymoshenko*, No. 11 Civ. 7877, 2013 WL 1500430, at *1 (S.D.N.Y. Apr. 10, 2013)).

In its Opinion and Order of November 30, 2018, the Court denied Defendant's petition to vacate his underlying convictions on two grounds. First, to the extent Defendant sought to bring a motion for relief under Rule 60(b), the Court held that the request was procedurally improper because Rule 60(b) cannot provide relief from conviction in a criminal case. (Dkt. No. 12 at 1– 2.) Second, to the extent Defendant was seeking a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651, the Court denied relief because Defendant had not adequately justified his failure to challenge the convictions earlier through appropriate channels. (Dkt. No. 12 at 2–4.)

In his motion to amend, Defendant raises two arguments. First, Defendant contends that the Court mistakenly concluded that relief under Rule 60(b) was procedurally unavailable here. (Dkt. No. 13 at 1.) But Defendant fails to demonstrate that the Court overlooked controlling decisions in reaching this conclusion. *See Ong*, 329 F.R.D. at 50. Reconsideration of the Court's earlier decision is thus unwarranted on this basis.

Second, Defendant contends that he has satisfied the requirements for granting coram nobis relief and could not have raised the arguments made in his petition any earlier. (Dkt. No. 13 at 2–3.) Ultimately, however, Defendant does not point to any legal precedent or factual

issues from the underlying petition that the Court has overlooked.  Nor has Defendant demonstrated that the Court's decision on his petition was clearly erroneous.

In its prior decision, the Court held that Defendant's petition did not demonstrate "sound reasons" for failing to challenge his convictions earlier.  (Dkt. No. 12 at 4 (quoting *United States v. Hernandez*, 283 F. Supp. 3d 144, 149 (S.D.N.Y. 2018)).)  In the current motion, Defendant is merely "attempting relitigate" this issue "that already has been decided."  *Ong*, 329 F.R.D. at 50 (quoting *In re CRM Holdings*, 2013 WL 787970, at *3).  For this reason, the extraordinary remedy of relief under Rule 59(e) is unwarranted in this case.

## III.   Conclusion

For the foregoing reasons, Defendant's motion to alter or amend this Court's prior judgment is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 13.

SO ORDERED.

Dated:  April 24, 2019
        New York, New York

J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*